ESTATE OF JALEN PROFT,

           Plaintiff,

                                    Case No. 24-cv-982-pp

   v.

WASHINGTON COUNTY, MARTIN R. SCHULTEIS,
BRIAN WEDDIG, SEAN WOLFGRAM, ANDREA BRYANT,
TIM HUYBERS, JOHN DOES 1-10, ABC INSURANCE COMPANY
and GLORIA BAERBER,

           Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO RESTRICT (DKT. NO. 73)

On August 4, 2024, the plaintiff filed a complaint alleging that the defendant correctional officers were deliberately indifferent to Jalen Proft's life by failing to properly supervise inmates at the Washington County Jail, resulting in Proft's death at the hands of other inmates. Dkt. No. 1. The defendants have moved for summary judgment. Dkt. No. 53. The plaintiff has filed a motion asking the court to restrict materials it filed in opposition to the defendant's summary judgment motion. Dkt. No. 73. The defendants have not responded to the motion to restrict.

The plaintiff seeks to restrict access to its brief in opposition to summary judgment, its proposed findings of fact and all documentary exhibits submitted with the declaration of Attorney Nathaniel Cade, Jr. Id. at 2. The plaintiff argues that "[r]estriction is warranted here because the filings contain sensitive

1

information of the type that courts would routinely protect from public disclosure." Id. at 3. The plaintiff asserts that "several documents" included in its filings were "utilized during depositions and requested by opposing counsel to be marked as confidential due to the nature of the photos and because they were obtained through a jail inspection." Id. The plaintiff alleges that it attempted to "use the photos, screenshots, and videos narrowly to avoid the need for a motion to seal" but that "redaction was impractical" given the visual nature of the materials. Id. The plaintiff states that the parties have complied with a protective order throughout discovery and "requests that the documents identified remain restricted for the duration of litigation." Id. at 3–4.

The court entered the parties' stipulated protective order on December 5, 2024. Dkt. No. 33. That protective order governs the parties' behavior during the litigation. By its terms, it does not compel the court to seal or restrict access to any documents. The protective order states only that if documents containing confidential information are filed with the court, the filing party must file those documents under seal "utilizing the procedures set forth in General L. R. 79(d)." Dkt. No. 33 at 5.

General Local Rule 79(d) (E.D. Wis.) governs motions to seal or restrict documents. It states that a party seeking to restrict access to a document must accompany the document with a separate motion to restrict, which "must be publicly filed and must describe the general nature of the information withheld from the public record." General L.R. 79(d)(2). The rule states that "[t]o the extent possible, the movant should include with the public filing a version of

the document or material that redacts only those portions of the document that are subject to the restriction/sealing request" and that the motion "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(2), (3). The Local Rules mandate that "[a]bsent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion *must* be denied." General L.R. 79(d)(3) (emphasis added).

This court's Local Rules are consistent with the Seventh Circuit's position on generic motions to seal or restrict based on protective or confidentiality orders. In Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit acknowledged that parties often enter into "broad secrecy agreement[s] . . . in order to expedite [the discovery] process by avoiding document-by-document analysis," and it opined that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Id. at 545 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)). The appellate court emphasized, however, that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Id. (citing Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893 (7th Cir. 1993); In re Continental Ill. Securities Litig., 732 F.2d 1302 (7th Cir. 1984)). Because the court record is critical to a court's judicial decision, "any claim of secrecy must be reviewed independently." Id. at 545–46.

Documents that "affect the disposition of federal litigation are presumptively open to public view." <u>Goesel v. Boley Intern. (H.K.) Ltd.</u>, 738 F.3d 831, 833 (7th Cir. 2013). That presumption can be rebutted in certain cases, such as "to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." <u>Id.</u> (citations omitted). But the party seeking to seal or restrict the documents must "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation." <u>Baxter Int'l</u>, 297 F.3d at 546; <u>see also</u> <u>Composite Marine Propellers, Inc. v. Van Der Woude</u>, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy).

The plaintiff has not stated any reason why the court should restrict its filings, other than the fact that the parties are subject to a protective order. The plaintiff states in vague terms that the filings contain "sensitive information of the type that courts would routinely protect from public disclosure" and that they should be confidential "due to the nature of the photos and because they were obtained through a jail inspection." Dkt. No. 73 at 3. Those vague assertions are not sufficient to justify restricting the entirety of the plaintiff's submissions in opposition to summary judgment.

Further, the plaintiff did not comply with General L.R. 79(d) because it failed to provide redacted versions of its written filings. Although the court acknowledges that redacting a video or a photograph is impractical, the

4

plaintiff also is seeking to redact its brief in opposition and proposed findings of fact. The plaintiff could have redacted any written references to the exhibits it seeks to restrict, or redacted any images embedded in the written submissions. The plaintiff's failure to redact its written materials to the extent possible also justifies denying the motion for failure to comply with this court's Local Rules.

Because the plaintiff has not provided a satisfactory justification for restricting access to its brief in opposition, proposed findings of fact or exhibits, the court will deny the motion.

The court **DENIES** the plaintiff's motion to restrict. Dkt. No. 73.

The court **ORDERS** that the clerk's office must make the materials filed at Dkt. Nos. 75, 77 and 78 available on the public docket.

Dated in Milwaukee, Wisconsin this 28th day of May, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5